[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant Ford Motor Credit Company ("Ford Motor Company") filed a motion for summary judgment claiming that it is entitled to judgment as a matter of law. The plaintiff opposed the motion arguing that there are issues of material fact in dispute.
The pertinent facts in this case are as follows. The plaintiff stood between two parked cars and held a flashlight towards the one owned by her husband, Mario Cardone, while he was under the car in front of the plaintiff attempting repairs. While the plaintiff was standing between the two cars a third car drove into the rear of the car standing in front of the plaintiff. The plaintiff was then forced into the car behind her and pinned between the two cars. The car in front of the plaintiff, the one CT Page 2589 under which Mario Cardone worked, was owned by defendant Cardone. The car directly behind her was owned by defendant Ford Motor Company. Both cars were parked by the defendant Mario Cardone. The vehicle owned by the Ford Motor Company was leased to the employer of Mario Cardone and Mr. Cardone was an authorized operator. The defendant Cardone parked the Ford Motor Company so that its headlights faced the front of his car. The plaintiff claims that the Defendant Cardone also parked the car illegally: it was parked in the wrong direction; it was more than twelve inches from the curb; and it was parked in an officially designated public service motor vehicle stand. The plaintiff also claims that defendant Cardone was negligent in the manner in which he parked the Ford Motor vehicle.
Ford Motor Company argues that it's motion for summary judgment should be granted because the plaintiff cannot prove that her injuries resulted from the operation of its vehicle. The plaintiff seeks to impose liability upon Ford Motor Company pursuant to Connecticut General Statutes ("C.G.S.") 14-154a. That section provides that:
 "Any person renting or leasing to another motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
The defendant Ford Motor Company argues that, although the statute does not define the term "operation," case law interpreting the section implies driving or moving a motor vehicle. Because the Ford car was parked, the defendant Ford Motor Company claims that the car was not being operated and therefore it cannot be held liable.
The plaintiff counters the defendant's argument by pointing out that because the term is not expressly defined it can encompass more than driving or moving a motor vehicle. The parking of the vehicle was negligent of illegal, the plaintiff claims. This misconduct resulted in the car being parked in the wrong direction. The plaintiff argues that the improper parking also resulted in the plaintiff being injured.
The claims of the plaintiff raise an issue as to whether or not the improper parking of the vehicle caused her injuries. However, the court has not found any facts to support this claim. The pertinent facts in this case are largely undisputed. The facts all indicate that the collision was caused by the third motor vehicle. There are not facts which indicate that had the Ford vehicle been parked in a different direction or position, the outcome of the collision would have been different. Therefore, the defendant is entitled to have its motion for CT Page 2590 summary judgment granted.
Generally, to impose liability upon a lessor, the court must find that leased car was operated in a manner which caused the injury. It is true, however, as the plaintiff argues that the term "operation" may include things other than driving. Negligent parking may, under certain circumstances, impose liability on the lessor. However, there are no facts presented to support the plaintiff's claim that the such circumstances exist in this case. For the foregoing reasons the court grants the defendant's motion for summary judgment.
__________________________ Angela C. Robinson-Thomas, Judge.